ON RETURN TO REMAND
PATTERSON, Judge.
On January 22, 1993, we’ remanded this ease to the trial court with instructions to resentence Sherry Ash Moore in accordance with the sentence enhancement provisions that were in effect and applicable to the case on the date the crimes charged in the indictments were committed, 639 So .2d 956. The record shows that the sales of controlled substances that are the subject of the indictments occurred on April 5,1989, and on April 8 or 10, 1989. At the time of these sales, § 13A-12-250, Code of Alabama 1975, provided for sentence enhancement if the sale occurred within a one-mile radius of a school. This statute was amended on May 19, 1989, changing the one-mile radius to a three-mile radius. Section 13A-12-270, providing for an additional penalty if the sale occurred within a three-mile radius of a public housing *958 project, became effective May 19, 1989. Alabama had no such statute prior to that date. Thus, under the facts of this case, if the sales occurred within a one-mile radius of a school, the sentences must be enhanced by an additional five years. The sentences could not be enhanced if the sales occurred within a three-mile radius of a public housing project because the statute providing for that enhancement was not in existence at the time of the sales.
The trial court resentenced Moore in response to our remand and has filed a return setting out its new sentencing order.[1] It appears from the new sentencing order that the trial court resentenced Moore in only one case, CC-91-3095, and failed to resentence her in case number CC-91-3096. It also appears from the order that the court incorrectly enhanced the sentence in CC-91-3095 by applying § 13A-12-270, while incorrectly citing § 13A-12-250 as its authority for doing so. It further appears that the state failed to prove that the sales occurred within a one-mile radius of a school. The record reflects a discussion between the trial court and defense counsel as to whether the sales occurred within three miles of Fultondale Elementary School or Junior High School. The record shows the following;
“THE COURT; ... It is my understanding that the State contends that it was within three miles of Fultondale Elementary School or junior high. What is it?
“MS. WILLIAMS [defense counsel]: I think its the elementary school.
“THE COURT: So you’re saying that you confess that it was?
“MS. WILLIAMS: Yes, sir. I withdraw that.”
The trial court apparently interpreted defense counsel’s response as an admission that the sales occurred within three miles of a school, because it did not require further proof. While we do not necessarily agree with the trial court that this comment was an admission, it does not matter, because we would still not know whether the sales occurred within one mile of a school, as the statute in effect at the time of the offenses required.
For the above reasons, we must remand this case again for another sentencing hearing. At the hearing, the trial court should resentence Moore in both cases. It should also require proof that the sales occurred within a one-mile radius of a school before it enhances the sentence under § 13A-12-250. Section 13A-12-270 cannot be applied in this case.
The trial court shall take all action directed in sufficient time to permit the clerk of the circuit court to make a proper return to this court at the earliest possible time within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

. Moore, who did not appear for resentencing after having been given notice of the time, date, and place of her resentencing, was resentenced by the trial court pursuant to A.R.Cr.P. 9 and 26.7.